IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| v. | | NO. 3:25-CR-503-N |
| EDUARDO AGUILAR | | |

## FACTUAL RESUME

In support of Eduardo Aguilar plea of guilty to the offense in Count One and

Count Two of the indictment, Aguilar, the defendant, Maria Torres Chin, the

defendant's attorney, and the United States of America (the government) stipulate and

agree to the following:

## ELEMENTS OF THE OFFENSE

### Count One

*n+c, 64*

In order to establish the offense of possession of Transmitting a Threatening Communication in Interstate Commerce in violation of 18 U.S.C. § 875(c) as charged in Count One of the Indictment, the Government must prove the following elements beyond a reasonable doubt:[1]

First:      That Mr. Aguilar knowingly transmitted a communication containing a threat to injure or kill the person of another;

Second:   That Mr. Aguilar transmitted the communication either with the purpose of issuing a threat, with knowledge that the communication would be viewed as a threat, or with reckless disregard that the communication would be viewed as a threat; and

---

[1] Fifth Circuit Pattern Jury Instruction 2.39 (5th Cir. 2024); *Counterman v. Colorado*, 143 S. Ct. 2016 (2023).

Third:      That the communication was sent in interstate or foreign commerce.

## Count Two

In order to establish the offense of possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5) as charged in Count Two of the Indictment, the Government must prove the following elements beyond a reasonable doubt:

First:      That on or about October 14, 2025, in the Northern District of Texas, Mr. Aguilar knowingly possessed the Colt, Model Government Model, 38 Super Caliber Pistol, bearing serial number GV233716.

Second:     That at the time Mr. Aguilar possessed the firearm, he was an alien illegally and unlawfully in the United States;

Third:      At the time Mr. Aguilar possessed the described firearm, he knew that he was an alien illegally and unlawfully in the United States; and

Fourth:     That Mr. Aguilar's possession of the described firearm was in and affecting interstate or foreign commerce, that is, before Mr. Aguilar possessed the described firearm, it had traveled at some time from one state to another, or from one country into the United States.

## Maximum Potential Penalties:

## Count One

A.    imprisonment for a period not to exceed 5 years;

B.    a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

C.    a term of supervised release of up to three (3) years. If the defendant violates any condition of supervised release, the Court may revoke such term of supervised release and require the defendant to serve an additional period of confinement,

D.    a mandatory special assessment of $100.00;

E.  restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

F.  costs of incarceration and supervision.

## Count Two

A.  imprisonment of not more than fifteen (15) years,

B.  a fine not to exceed $250,000.00,

C.  a term of supervised release of up to three (3) years. If the defendant violates any condition of supervised release, the Court may revoke such term of supervised release and require the defendant to serve an additional period of confinement,

D.  restitution arising from the offense of conviction alone,

E.  a mandatory special assessment of $100,

F.  costs of incarceration and supervision, and

G.  forfeiture of firearms and ammunition.

## Constitutional Rights And Waiver Of Those Rights

Mr. Aguilar understands that he has the following constitutional rights:

1. The right to plead not guilty to the charged offenses,

2. The right to have a speedy trial by a jury in this District,

3. The right to have his guilt proven beyond a reasonable doubt,

4. The right to confront and cross-examine witnesses and to call and subpoena witnesses and material in his defense, and

5. The right to not be compelled to incriminate himself.

Mr. Aguilar understands that he also has the right to waive these constitutional rights.

**Factual Resume—Page 3**

Mr. Aguilar waives the aforementioned rights and pleads guilty to the offenses alleged in Counts One and Two of the two-count Indictment charging him with violating 18 U.S.C. §§ 875 (c) and 922(g)(5).  Mr. Aguilar understands the nature and the elements of the offenses to which he is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

<u>**STIPULATED FACTS**</u>

1.      Eduardo Aguilar admits and agrees that on or about October 9, 2025, in the Northern District of Texas and elsewhere, he knowingly transmitted in interstate and foreign commerce a communication via the social media platform TikTok containing threats to injure the person of another recklessly with conscious disregard of a substantial risk that the communications would be viewed as threats, in violation of 18 U.S.C. § 875(c).

2.      More specifically, on or about October 9, 2025, Mr. Aguilar using his cellular phone to connect to the internet accessed his TikTok account and posted from his TikTok account a message in Spanish that translates to: "I need 10 dudes in Dallas with determination who aren't afraid to [skull emoticons, skull emoticons] … Being 10K for each ICE agent."

3.      When he posted the message, he did so recklessly—that is, before he posted the message, he was aware that others could regard his statement as a threat and posted it anyways. Mr. Aguilar admits that the message he posted constituted a "true threat."

4.      Mr. Aguilar further agrees that on October 14, 2025, he was stopped by Texas Department of Public Safety (DPS) officers at the direction of agents from the Federal Bureau of Investigations (FBI). When he was arrested for transmitting a threatening communication in interstate commerce, he was the driver and sole occupant of a red Sierra truck. After he was placed under arrest, the officers conducted an inventory search of the vehicle. In the closed center console, officers found a Colt, Model Government Model, 38 Super Caliber Pistol, bearing serial number GV233716 (Firearm).

5.      During a post-*Miranda* interview, Mr. Aguilar admitted that he knew that the Firearm was in the truck and that it belonged to his friend Luis who left the Firearm in the truck. Furthermore, Mr. Aguilar admits that at the time that he possessed the firearm, he knew that he was a citizen of Mexico without legal authority to be present in the United States. Mr. Aguilar admits that the Firearm was manufactured outside of the State of Texas and must have traveled in interstate or foreign commerce, prior to the time that Mr. Aguilar possessed the Firearm in Texas.

6.      Mr. Aguilar agrees that ~~the defendant~~ he committed all the essential elements of the offense(s). This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support Mr. Aguilar's guilty plea to Counts One and Two of the indictment.

[*nothing further on this page*]

Factual Resume—Page 5

SIGNED on this the _____ day of _____ 2026.

x _____

**EDUARDO AGUILAR**
Defendant

_____

**MARIA TORRES CHIN**
Attorney for Mr. Aguilar

**Factual Resume – Page 6**